UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. CLAIRE R. KELLY, JUDGE

KENT DISPLAYS, Inc.
                    PLAINTIFF,

v.                                              Court No. 20-00156

UNITED STATES,
                    DEFENDANT.

## **JUDGMENT ORDER**

Upon consideration of plaintiff Kent Displays' motion for summary judgment, and

Upon consideration of all other papers and proceedings had herein, it is hereby

**ORDERED** that plaintiff's motion for summary judgment is granted; and it is further

**ORDERED** that Plaintiff is entitled to judgment that the subject merchandise is entitled

to the Section 301 Product Exclusion provided for in subheading 9903.88.19; and it is

further

 **ORDERED** that Defendant reliquidate Entry DE6-5007145-6 covered by this action

with a refund of all Section 301 duties overpaid, plus interest, as provided by law.

Dated:                                          _____
New York, New York                              CLAIRE R. KELLY, Judge

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. CLAIRE R. KELLY, JUDGE

KENT DISPLAYS, Inc.
                    PLAINTIFF,

v.                                            Court No. 20-00156

UNITED STATES,
                    DEFENDANT.

## **PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 56 of the Rules of the United States Court of

International Trade, Plaintiff Kent Displays, Inc respectfully moves this

Court for an Order granting Plaintiff's Motion for Summary Judgment on

Count I of Plaintiff's Complaint against the Defendant United States by

finding that the goods imported under Entry DE6-5007164-5 are entitled to

an Exclusion from Section 301 25% ad valorem duty as provided for in

subheading 9903.88.19 of the Harmonized Tariff Schedule of the United

States.

The bases for Plaintiff's Motion are set forth in the attached

Memorandum of Law, Statement of Material Facts and the exhibits

submitted with this Motion.

WHEREFORE, Plaintiff Kent Displays, Inc. respectfully requests that

an Order be entered granting Plaintiff's Motion for Summary Judgment and

granting Plaintiff such other and further relief as may be just and

appropriate.

Respectfully submitted,

Kent Displays Inc.

By its Attorneys,
**SULLIVAN & LYNCH, P.C.**
800 Turnpike Street, Suite 300
North Andover, MA 01845
(617) 591-8787

by:

/s/ Herbert J. Lynch
Herbert J. Lynch
Trial Attorney
E-mail Lynch@S-L.com
Massachusetts BBO #308820

Dated: October 27, 2023

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. CLAIRE R. KELLY, JUDGE

KENT DISPLAYS, Inc.
               PLAINTIFF,

v.

UNITED STATES,
               DEFENDANT.

Court No. 20-00156

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Respectfully submitted,

Kent Displays Inc.

By its Attorneys,
**SULLIVAN & LYNCH, P.C.**
800 Turnpike Street, Suite 300
North Andover, MA 01845
(617) 591-8787

By: /s/ Herbert J. Lynch
   Herbert J. Lynch
   Trial Attorney
   E-mail Lynch@S-L.com
Dated: October 27, 2023               Massachusetts BBO #308820

1

## TABLE OF CONTENTS

Pages

TABLE OF CONTENTS....................................................i

TABLE OF CASES AND AUTHORITIES.................................ii

ISSUES PRESENTED....................................................2

STATEMENT OF FACTS..................................................3

STANDARD OF REVIEW.................................................5

ARGUMENT...............................................................6

I. Procedural Framework – Section 301, Product Exclusions, Liquidation
and Protests......................................................6

II. Liquidation of Model WT16312 Dashboard under HTSUS subheading
9013.80.7000 was conclusive and final for purposes of Product Exclusion
HTSUS subheading 9903.88.19...................................7

III. It was reasonable for Kent Displays to advise the USTR that Model
WT16312 Dashboard was classified under HTSUS subheading
9013.80.7000...................................................9

IV. If the Court sustains Customs' denial of Plaintiff's Protest ,
Entry DE6-5007164-5 should be re-liquidated under HTSUS subheading
8543.70.9960...................................................10

CONCLUSION............................................................ 11

# TABLE OF CITATIONS AND AUTHORITIES

**Cases:**                                                            **Page:**

Atari Caribe, Inc. v. United States,
16 CIT 588, 799 F. Supp 99 (1992)...........................10

Celotex Corp. v. United States,
477 U.S. 317 (1986)........................................5

CyberPower Systems (USA) Inc. v. United States
586 F. Supp. 3d 1325 (Ct. Int'l Trade 2022)................8

Jarvis Clark Co. v. United States,
733 F.2d 873 (Fed Cir. 1984)..................................5

Jewelpack v. United States,
297 F.3d 1326 (Fed. Cir. 2002)...............................10

Shamrock Building Materials, Inc.. v. United States,
619 F. Supp. 3d 1342 (2023)..................................5

**Statutes & Regulations:**             **Page:**

19 U.S.C. § 1315.............................................. 10

19 U.S.C. § 1500....................................... 8, 9

19 U.S.C. § 1501.............................................8

19 U.S.C. § 1514..........................................5, 8

19 U.S.C. § 2411........................................... 6

28 U.S.C. § 1581(a)...........................................5

19 C.F.R. § 173.3........................................... 8

**Miscellaneous:**              **Page:**

83 Federal Register 32181, 32182.........................3, 7, 9

83 Federal Register 40823.....................................4

Cargo Systems Messaging System (CSMS) # 39985407 ...............7

Rule 56 of the Rules of the U.S. Court of International Trade............2.

### ISSUES PRESENTED

Plaintiff brings this Motion for Summary Judgment pursuant to Rule 56 of the Rules of the U.S. Court of International Trade.  Rule 56 permits Summary Judgment when "the pleadings, depositions, answers to interrogatories, and the admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  (USCIT R. 56(c)).  In determining whether a matter is ripe for Summary Judgment, the Court considers all the evidence submitted.  Disagreements can usually be resolved via Cross-Motions for Summary Judgment which most likely posit dispositive substantive issues that will be essentially legal in nature.  The issues presented to the Court are:

1.) Whether, as a matter of law, an Importer who has complied with all the procedures mandated by the United States Trade Representative (USTR) for exclusion from the Section 301 duty assessed goods of Chinese origin entered and liquidated under HTSUS subheading 9013.80.7000; and received said Product Exclusion specific to its imported goods is entitled to the benefits of the Product Exclusion provided for at HTSUS subheading 9903.88.19.

2.) Whether, as a matter of law, in the context of the exercise of a Product Exclusion granted by the USTR, U.S. Customs and Border Protection (CPB) is bound by the Tariff Classification decision made at the time of liquidation.

3.) Whether, as a matter of law, in the context of the exercise of a Product Exclusion granted by the USTR, the liquidation of four (4) prior Entries of the merchandise imported under Entry DE6-5007164-5 established a practice to which the Plaintiff reasonably relied classifying the imported merchandise Model WT16312 eWriter under

HTSUS subheading 9013.80.7000 for purposes of verification by CBP of said Product
Exclusion.

4.) Lastly, if the Court declines to rule in Plaintiff's favor as to Count I of the Complaint,
whether, as a matter of law, CBP is bound to re-liquidate Entry DE6-5007164-5 under
HTSUS subheading 8543.70.9960 as referred to in the decision rendered by Customs in
response to Plaintiff's Administrative Protest 410119100594.

## STATEMENT OF FACTS

Plaintiff Kent Displays is a developer, manufacturer and importer of unique
devices for electronic writing. The subject of this action Model WT16312 Dashboard is a
battery powered electronic eWriter device which functions due to its essential component
which is a flexible pressure sensitive liquid crystal writing film. This action involves the
refusal by CBP to honor the Section 301 Product Exclusion granted by the USTR as a
result of the Plaintiff's request that flexible pressure sensitive LCD display devices used
as a surface for electronic writings be excepted from the 25% Section 301 duty (HTSUS
subheading 9903.88.01 i.e. List 1) assessed on goods of Chinese origin classified under
HTSUS subheading 9013.80.7000. (Plaintiff's Statement of Material Facts (hereinafter
PSOF at 2 through and 17 through 24). As provided for in the Notice published in the
Federal Register by the USTR on July 11, 2018 at 83 FR 32181, the Plaintiff submitted a
Product Exclusion Request to the USTR (Docket USTR-2018-0025-0282 PSOF 17). The
Product Exclusion Request involved Plaintiff's flexible electronic eWriter devices and
included a list of flexible electronic eWriter device Model Numbers of which Model
Number WT16312 Dashboard was included. (PSOF 17 through 19 with Exhibit A).    On
July 16, 2019 by email, the USTR asked that the Plaintiff supplement its Product

3

Exclusion Request. (PSOF 20 with Exhibit B). Plaintiff responded to the request by email, dated July 30, 2019, by confirming that its products were entered under HTSUS subheading 9013.80.7000 and are best described as "flexible pressure sensitive LCD panel display devices used as a surface for electronic writing". (PSOF 21 with Exhibit C). On September 26, 2019, the USTR advised the Plaintiff that its Product Exclusion Request was granted and that flexible pressure sensitive LCD panel display devices used as a surface for electronic writing (described in statistical reporting number 9013.80.7000) were excluded from Section 301 25% duty assessed under HTSUS subheading 903.88.01. (PSOF 22). Since the involved importation of flexible pressure sensitive LCD panel display devices Model WT16312 Dashboard (Entry DE6-5007164-5) liquidated on June 14, 2019 before the granting of the Product Exclusion on September 26, 2019, Plaintiff caused its Customs Broker to file a Protest with CBP requesting re-liquidation of Entry DE6-5007164-5 with benefit of the Product Exclusion provided for at HTSUS subheading 9903.88.19. (PSOF 23). On March 20, 2020, CBP denied the Protest and advised "merchandise in the instant shipment is an electrical device with an individual function that is more properly classified under HTSUS 8543.70.9960. No correction has been made to 8543.70.9960 as the result would be adverse to the importer" (PSOF 24). The Protest denial was rendered by CBP after the period for voluntary re-liquidation. (19 CFR 173.3). Goods originating from China classified under HTSUS subheading 8543.70.9960 if imported on or after August 23, 2019 are subject to the 25% Section 301 duty (See List 2 – 83 FR 40823).

Prior to the implementation of Section 301 25% duty. Plaintiff is aware of four (4) Entries of the involved merchandise Model WT16132 Dashboard from China. All four

4

(4) of the Entries were entered under HTSUS subheading 9013.80.7000 and liquidated as entered. (PSOF 15). Plaintiff believes these Entries were liquidated by CBP under the by-pass procedure.

## **STANDARD OF REVIEW**

The Court has jurisdiction pursuant to 28 U.S. C. § 1581(a) (2018) over actions contesting the denial of a Protest filed under 19 U.S. C. § 1514(a). Plaintiff brings this Motion for Summary Judgment pursuant to Rule 56 of the Rules of the U.S. Court of International Trade. Rule 56 permits Summary Judgment when "the pleadings, depositions, answers to interrogatories, and the admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (USCIT R. 56(c)). In determining whether a matter is ripe for Summary Judgment, the Court considers all the evidence submitted. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Unlike most Tariff Classification cases that come before the Court, Plaintiff is not challenging the Tariff Classification of Model WT16132 Dashboard by Customs at the time of liquidation; but rather CBP's refusal to honor the Product Exclusion secured by the Plaintiff for flexible pressure sensitive LCD panel display devices like Model WT16312 Dashboard. While normally in a Tariff Classification dispute, "the court first considers whether the government's classification is correct, both independently and in comparison with the importer's alternative". See Shamrock Building Materials, Inc. v. United States, 47 CIT __, __, 619 F. Supp. 3d 1337, 1342 (2023 (quoting Jarvis Clark Co. v. United States, 733 F2d 873, 878 (Fed Cir. 1984), in this matter at the time of liquidation, CBP and the Plaintiff agreed Model WT1532 Dashboard was classified under HTSUS

5

subheading 9013.80.7000.  The Court must reach the correct result but should start from the premise that at the most operative events, entry, liquidation and Protest denial, the Parties agreed or assented to the classification of Model WT16312 Dashboard under HTSUS subheading 9013.80.7000.

The facts surrounding the Plaintiff's claim for a refund of Section 301 25% duty based on Product Exclusion HTSUS subheading 9903.88.19 and Customs refusal, thereof, should not be in controversy.   Disagreements, if any, as to the facts, can usually be resolved via Cross-Motions for Summary Judgment which most likely posit dispositive substantive issues that will be essentially legal in nature.  Plaintiff believes there is no genuine dispute over the material facts for purposes of disposing of this case by Summary Judgment.

## ARGUMENT

### I.  Procedural Framework – Section 301, Product Exclusions, Liquidation and Protests

Section 301 of the Trade Act of 1974 authorizes the USTR to investigate and enforce domestic rights under Trade Agreements and to respond to certain foreign trade practices. 19 U.S.C. § 2411.  Applying this authority, after investigation and public comment, the USTR imposed a 25% tariff on certain products of Chinese origin covered by 1,333 subheadings in the HTSUS. (PSOF 10 List 1 Section 301).  To many Importers, including the Plaintiff, the additional duty cost would cause severe economic harm.  To mitigate the devastating effect the 25% tariff would have, the USTR established a procedure whereby interested parties could request to exclude particular products from the 25% duty. (PSOF 16).  A Product Exclusion Request would be open for public comment.  The Notice advising of the Product Exclusion process cautioned that those

seeking a Product Exclusion must identify the particular product in terms of physical characteristics…that distinguish it from other products within the covered 8-digit subheading; and that the Request should identify the 10- digit HTSUS subheading most applicable to the particular product requested for the exclusion. See 83 Fed. Reg. at 32182. In the general information provided by the USTR on the Product Exclusion process, the USTR advised that an Exclusion, if granted, will apply to the particular product covered by the Exclusion, and will not be tied to a particular product or exporters. Because the grant of a Product Exclusion in response to one importer's application could apply to like products imported by other importers and that the Section 301 duty was assessed by HTSUS subheading, undoubtedly, the USTR desired to limit the benefit of an Exclusion to specific products while realizing for administration purposes that the statistical HTSUS subheading was necessary to enable CBP to administer the Exclusion process. In that respect, granted Product Exclusions were crafted to describe only those goods that the USTR believed warranted an Exclusion even though many other products of Chinese origin might be classified under the same HTSUS subheading.

As it relates to the Product Exclusion granted in response to Kent Displays' Request, CBP issued through its Cargo Systems Messaging Service, *CSMS #39985407 – GUIDANCE: Tenth Round of Product Exclusions from Section 301 Duties* instructions that if an Entry is beyond the time for filing a Post Summary Correction, importers may protest the liquidation.

**II  Liquidation of Model WT16312 Dashboard under HTSUS subheading 9013.80.7000 was conclusive and final for purposes of Product Exclusion HTSUS subheading 9903.88.19**.

7

Liquidation represents the final act by CBP in classifying goods and the collection duties thereon. See 19 U.S. C. § 1500(b). CBP may within ninety (90) days after the date of liquidation voluntarily re-liquidate an Entry. See 19 U.S. C. § 1501 and 19 CFR 173.3. After the period for re-liquidation has expired, absent fraud, CBP has spoken its final word on the Entry. 19 U.S. C § 1514(a) provides that liquidation is not final when an importer timely files a Protest. Section 1514 provides Importers with a formal mechanism to protest CBP decisions but CBP does not have the right to challenge the classification of the involved goods after the voluntary re-liquidation period has expired. Cyber Power Systems (USA) Inc. v. United States, 586 F. Supp. 3d 1325 (Ct. Int'l Trade 2022). CBP's powers in reviewing a Protest are limited. CBP can either (i) allow the Protest, in which case duties, charges or exactions found to have been assessed or collected in excess shall be remitted or refunded; or (ii) deny the Protest which leaves the liquidation intact.

CBP's role in administering the Product Exclusion process was more than ministerial. CBP was required to verify that the involved goods were classified and in the case of Protests, liquidated under the named statistical HTSUS subheading; and that the goods meet the description provided for in the Product Exclusion. The Product Exclusion process did not provide CBP the opportunity to re-open an Entry that had passed the voluntary re-liquidation period. Re-liquidation would only occur if the Entry qualified for the Product Exclusion. The facts concerning Entry DE6-5007164-5 and Model WT16312 Dashboard are uncontroverted. The Entry was entered and liquidated under HTSUS subheading 9013.80.7000. Product Exclusion HTSUS subheading 9903.88.19 described the goods benefiting from the Exclusion almost identical as proposed by Kent

8

Displays (PSOF 21 and 22); only substituting "LCD" for "liquid crystal flat". Because

Entry DE6-5007164-5 had been liquidated well before the Product Exclusion was

granted, Kent Displays' only remedy for securing the refund of Section 301 duties made

available by Product Exclusion was to timely file a Protest. CBP's review of the Protest

should have been limited to determining that the goods were entered and/or liquidated

under the named statistical HTSUS subheading and that the goods met the description

provided in the Product Exclusion. By denying the Kent Displays' Protest on the basis

that Model WT16312 Dashboard was classifiable other than as liquidated, CBP made a

decision barred by 19 U.S.C. § 1500.

Besides verifying the statistical classification, CBP needed to confirm that the

involved imported good is as described in the Product Exclusion. Since Exclusion

HTSUS subheading 9903.88.19 was granted on Kent Displays' application; Model

WT116312 Dashboard was listed in Kent Displays Application; and the USTR adopted

Kent Displays' wording to describe the goods benefiting from the Exclusion, based on

the aforementioned and independently, CBP should only have reached the conclusion that

Model WT16312 Dashboard is a flexible pressure sensitive LCD panel display devices

used as a surface for electronic writing.

### III  It was reasonable for Kent Displays to advise the USTR that Model WT16312 Dashboard was classified under HTSUS subheading 9013.80.7000.

The Product Exclusion Application required that the applicant identify the 10

digit subheading most applicable to the particular product. See 83 Fed. Reg. at 32182.

At the time Kent Displays filed its Product Exclusion Application (August 2, 2018), Kent

Displays had imported Model WT16312 Dashboard four (4) times in addition to under

Entry DE6-5007164-5. (PSOF 15). The aforementioned Entries were all entered and

liquidated under HTSUS subheading 9013.80.7000. Actual uniform liquidations can

establish an established and uniform practice as provided for in 19 U.S.C. § 1315. A *de*

*facto* established and uniform practice can be found by the Court if it is found that CBP

consistently classified a particular type of merchandise under a specific category of the

HTSUS prior to some point in time. See Atari Caribe, Inc. v. United States, 16 CIT 588,

595, 799 F. Supp. 99, 106-07 (1992). However, the factors that the Court must consider

prior to finding a *de facto* established and uniform practice are stringent. See Jewelpack

Corp. v. United States, 297 F.3d at 1332. Plaintiff does not claim that CBP had an

established and uniform practice within the context of 19 U.S.C. § 1315. However, the

essence of 19 U.S.C. § 1315 and 19 U.S. C. § 1514 is that importers should be able to

reasonably rely upon the actions taken by CBP regarding the Tariff treatment of the

goods imported by the importer. Kent Displays represented to the USTR that Model

WT16312 Dashboard and similar devices were classified under HTSUS subheading

9013.80.7000 based on its reasonable belief and because that is how the goods had been

entered and liquidated by CBP.

**IV  If the Court sustains Customs' denial of Plaintiff's Protest , Entry DE6-5007164-5 should be re-liquidated under HTSUS subheading 8543.70.9960.**

CBP opined in its Protest decision that Model WT16312 Dashboard was more

properly classified under HTSUS subheading 8543.70.9960. At the time of importation,

goods originating from China classified under HTSUS subheading 8543.70.9960 were

not subject to Section 301 duty. If the Court declines to adopt Plaintiff's position that

Product Exclusion HTSUS subheading 9903.88.19 applies to Entry DE6-5007145-6 and

Model WT16312 Dashboard entered thereunder, the Court should hold that Model

WT16312 Dashboard is classifiable under HTSUS 8543.70.9960 free of Section 301 duty.

**CONCLUSION**

Plaintiff Kent Displays secured the benefits of an Exclusion from Section 301 duty on the flexible pressure sensitive LCD panel display devices used as a surface for electronic writing it imports from China. Model WT16312 Dashboard is such a device. The Exclusion indicated that said devices are classified under HTSUS subheading 9013.80.7000. Model WT16312 Dashboard imported under Entry DE6-5007145-6 was entered and liquidated under HTSUS subheading 9013.80.7000. Based on these facts and as argued herein, the Court should grant Plaintiff's Motion for Summary Judgment and order Customs to re-liquidate Entry DE6-5007145-6 with the benefit of Section 301 Product Exclusion 9903.88.19.

Respectfully submitted,

Kent Displays Inc.

By its Attorneys,
**SULLIVAN & LYNCH, P.C.**
800 Turnpike Street, Suite 300
North Andover, MA 01845
(617) 591-8787

by:

/s/ Herbert J. Lynch
Herbert J. Lynch
Trial Attorney
E-mail Lynch@S-L.com
Massachusetts BBO #308820

Dated: October 27, 2023