UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:  HON. CLAIRE R. KELLY, JUDGE

_____

| | | |
|---|---|---|
| KENT DISPLAYS, INC., | : | |
| | : | |
| | : | |
| Plaintiff, | : | Court No.  20-00156 |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |

_____  :

**DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS**

Pursuant to Rule 56.3 of the Rules of the United States Court of International Trade, defendant, the United States (the Government), responds to Plaintiff's Statement of Material Facts, as follows:

1. This statement consists of legal argument and/or conclusions of law to which no response is required.

2. Objection.  In contravention of USCIT Rule 56.3(c), this statement is not supported by a citation to evidence which would be admissible.  Accordingly, this statement should be disregarded by the Court.  To the extent a response is required, admits.

3. Objection.  In contravention of USCIT Rule 56.3(c), this statement is not supported by a citation to evidence which would be admissible.  Accordingly, this statement should be disregarded by the Court.  To the extent a response is required, admits.

4. Objection.  In contravention of USCIT Rule 56(h), this statement is not supported by a citation to the record.  Accordingly, this statement should be disregarded by the Court.  To the extent a response is required, admits administrative protest 410119100594 contesting the

classification at liquidation of Entry DE6-5007164-5 was timely filed and denied on March 2, 2020.

5.     Objection.  In contravention of USCIT Rule 56.3(c), this statement is not supported by a citation to evidence which would be admissible.  Accordingly, this statement should be disregarded by the Court.  To the extent a response is required, admits.

6.     Objection.  In contravention of USCIT Rule 56.3(c), this statement is not supported by a citation to evidence which would be admissible.  Accordingly, this statement should be disregarded by the Court.  To the extent a response is required, admits.

7.     Objection.  In contravention of USCIT Rule 56.3(c), this statement is not supported by a citation to evidence which would be admissible.  Accordingly, this statement should be disregarded by the Court.  To the extent a response is required, admits.

8.     Admits.   Avers that the imported article is also described as an "electronic writing tablet."  *See* Sample.  *See* also Ex E, USA Certification of Registration.

9.     Objection.  In contravention of USCIT Rule 56.3(c), this statement is not supported by a citation to evidence which would be admissible.  Accordingly, this statement should be disregarded by the Court.  To the extent a response is required, admits that Model Number WT16312 at issue in this action was manufactured in the People's Republic of China.

10.     Admits.

11.     Objection.  In contravention of USCIT Rule 56.3(c), this statement is not supported by a citation to evidence which would be admissible.  Accordingly, this statement should be disregarded by the Court.  To the extent a response is required, admits that the immediate transportation entry for Entry No. DE6-5007164-5 was accepted by U.S. Customs and Border Protection (CBP) on July 6, 2018 but denies that July 6, 2018 is the entry date.  *See*

Docket No. 7, Documents Filed Pursuant to USCIT Rule 73.1.  The remainder of the allegation in this paragraph consists of legal argument and/or conclusions of law to which no response is required.

12.    Objection.  In contravention of USCIT Rule 56.3(c), this statement is not supported by a citation to evidence which would be admissible.  Accordingly, this statement should be disregarded by the Court.  To the extent a response is required, admits.

13.    Objection.  In contravention of USCIT Rule 56.3(c), this statement is not supported by a citation to evidence which would be admissible.  Accordingly, this statement should be disregarded by the Court.  To the extent a response is required, admits.

14.    Objection.  In contravention of USCIT Rule 56.3(c), this statement is not supported by a citation to evidence which would be admissible.  Accordingly, this statement should be disregarded by the Court.  To the extent a response is required, admits.

15.    Objection.  In contravention of USCIT Rule 56.3(c), this statement is not supported by a citation to evidence which would be admissible.  Accordingly, this statement should be disregarded by the Court.  Further objects as this statement is not material.  To the extent a response is required, denies that these entries are included in this case and otherwise denies.  *See* Docket No. 1, Summons.

16.    Admits.

17.    Admits that on August 2, 2018, Kent Displays filed a product exclusion request for Model No. WT16312, described by plaintiff in the request as "flexible electronic eWriter device" but otherwise denies.  *See* Docket No. 7, Documents Filed Pursuant to USCIT Rule 73.1. The phrase "proper form" is a legal conclusion and/or argument to which no response is required.

18.     Admits, but denies any inference that the 10-digit HTSUS code provided by the Requestor to the Office of the United States Trade Representative (USTR) was in all cases correct.

19.     Admits that Kent Displays identified subheading 9013.80.70, HTSUS as the 10-digit HTSUS item number in its product exclusion request, but otherwise denies.  *See* Pl.'s Ex. A, Exclusion Request.

20.     Admits.

21.     Admits, but denies any inference that the HTSUS subheading provided by Kent Displays to USTR was correct.

22.     Denies.  *See* Ex. D, Letter from USTR dated September 26, 2019.

23.     Admits that Kent Displays' Customs Broker filed Protest No. 4101-19-100594 on November 21, 2019 requesting that CBP reliquidate Entry No. DE6-5007164-5 and refund the Section 301 25% *ad valorem* duty paid by Kent Displays.  The remainder of this statement consists of legal argument and/or conclusions of law to which no response is required.

24.     Admits.

25.     Admits.

26.     Admits that this statement is a characterization of plaintiff's claim as set forth in the Complaint, but denies its validity.  *See* Docket No. 7, Documents Filed Pursuant to USCIT Rule 73.1.  *See also* Ex. D, Exclusion Letter (the scope of the exclusion is not governed "by the product descriptions set out in any particular request for exclusion)".

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

By:     /s/ Justin R. Miller
JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

/s/ Marcella Powell
MARCELLA POWELL
Senior Trial Counsel
Civil Division, Dept. of Justice
Commercial Litigation Branch
26 Federal Plaza, Room 346
New York, New York l0278
Attorneys for Defendant

Dated: February 16, 2024                Tel. No. 2l2-264-9230 or 1873

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:  HON. CLAIRE R. KELLY, JUDGE

_____

| | | |
|---|---|---|
| KENT DISPLAYS, INC., | : | |
| | : | |
| | : | |
| Plaintiff, | : | Court No.  20-00156 |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |

_____ :

### DEFENDANT'S STATEMENT OF
### MATERIAL FACTS NOT IN DISPUTE

Rule 56.3, of the Rules of the United States Court of International Trade, requires that

motions for summary judgment include a separate statement of material facts as to which it is

contended that there exists no genuine issue to be tried.  In this case, with respect to Defendant's

Cross Motion for Summary Judgment, there are no material facts as to which there exists a

genuine issue to be tried and the issues are amenable to resolution through dispositive motions.

The pertinent undisputed facts of this case are as follows:

1.      The merchandise at issue is an "Electronic Writing Tablet" or eWriter.  *See*
Sample.  *See* also Ex. E, USA Certificate of Registration.

2.      Model No. WT16312 Dashboard is the only model of eWriter at issue in this

action and is sold by Kent Displays under the Boogie Board trademarked brand.  *See* Ex. B, Pl.'s

Resp. to Def.'s First Set of Interrogatories, Nos. 3 and 6; Ex. E, USA Certificate of Registration.

3.      Model No. WT16312 is an electronic writing device that is a "green technology

paper replacement" product.  *See* Ex. B, Pl.'s Resp. to Def.'s First Set of Interrogatories, No.10.

4.      The eWriter consists of a bistable cholesteric reflective liquid crystal display (LCD), a plastic sleeve case, a small coin battery and electronics, including an electronic switch to erase the display.  *See* Ex. B, Resp. Nos. 5, 10, and 18.

5.      The liquid crystal writing film is produced in the United States and then shipped to the Peoples Republic of China where it is assembled into a plastic housing with a printed circuit board.  The product is then shipped to the United States and packaged as a consumer product.  *See* Pl.'s Ex. A, Exclusion Request.

6.      The electronics contained in the eWriter create an electric field that enables the analog information written on the display to be erased.  *See* Ex. B, Resp. No. 5 and 10.

7.      The user "might write, sketch, doodle or draw on the display with a stylus or something equivalent such as a fingernail."  *See* Ex. B, Resp. No. 5 and 10.

8.      The drawing will remain on the display without the use of power until it is erased by "applying an electronic field to the liquid crystal material."  *See* Ex. B, Resp. No. 5 and 10.

9.      The user erases the display by pressing the electronic switch, which together with the coin battery, applies an electronic field to the liquid crystal material.  *See* Ex. B, Resp. No. 5 and 10.

10.      The eWriter is available in sizes ranging from 5 inches diagonal to 14 inches diagonal.  *See* Docket No. 7, Protest.

11.      The eWriter is sold online at www.myboogieboardcom as well as Amazon and other eCommerce retailers.  The eWriter is also sold in the stationary or toy sections of retailers such as Target, Walmart, Barnes & Nobles, Staples and Learning Express.  *See* Ex. B, Resp. No. 9.

12.    The subject eWriters are not presented in the piece.  *See* Sample.  *See* also Ex. F,
Bill of Materials.

13.    The subject eWriters are not presented cut to special shapes.  *See* Sample.  *See*
also Ex. F, Bill of Materials.

<div style="margin-left:40%">

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

By:    /s/ Justin R. Miller
       JUSTIN R. MILLER
       Attorney-In-Charge
       International Trade Field Office

       /s/ Marcella Powell
       MARCELLA POWELL
       Senior Trial Counsel
       Civil Division, Dept. of Justice
       Commercial Litigation Branch
       26 Federal Plaza, Room 346
       New York, New York l0278
       Attorneys for Defendant
       Tel. No. 2l2-264-9230 or 1873

</div>

Dated: February 16, 2024

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:  HON. CLAIRE R. KELLY, JUDGE

_____
KENT DISPLAYS, INC.,                    :
                                        :
                                        :
                    Plaintiff,          :          Court No.  20-00156
                                        :
        v.                              :
                                        :
UNITED STATES,                          :
                                        :
                    Defendant.          :
_____ :

## <u>ORDER</u>

Upon consideration of defendant's cross motion for summary judgment, plaintiff's motion for summary judgment, other papers on file, and upon due deliberation; it is hereby

**ORDERED** that defendant's cross motion be and hereby is granted; and it is further

**ORDERED** that U.S. Customs and Border Protection shall reliquidate entry number DE6-5007164-5 in subheading 8543.70.99, HTSUS; and it is further

**ORDERED** that U.S. Customs and Border Protection shall make refund in the amount of 22.4 percent *ad valorem*, which reflects the difference in the duty rate between 25 percent *ad valorem* (Section 301 duties) and 2.6% *ad valorem*; and it is further

**ORDERED** that plaintiff's motion for summary judgment be and hereby is denied; and it is further

**ORDERED** that this action is dismissed.

_____
                    JUDGE

Dated: _____
       New York, New York

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:  HON. CLAIRE R. KELLY, JUDGE

| | | |
|---|---|---|
| KENT DISPLAYS, INC., | : | |
| | : | |
| | : | |
| Plaintiff, | : | Court No.  20-00156 |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |
| | : | |

---

### DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT THEREOF AND IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

---

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

MARCELLA POWELL
Of Counsel:                              Senior Trial Counsel
Fariha Kabir                             Civil Division, U.S. Dept. of Justice
Office of the Assistant Chief Counsel    Commercial Litigation Branch
International Trade Litigation            26 Federal Plaza, Room 346
U.S. Customs and Border Protection       New York, New York 10278
                                         Tel. (212) 264-9230 or 9236
Dated: February 16, 2024                 Attorneys for Defendant

# TABLE OF CONTENTS

RELEVANT STATUTORY PROVISIONS AND EXPLANATORY NOTES ............................ 1

INTRODUCTION ............................................................................................................. 2

   I.   SECTION 301 DUTIES AND THE EXCLUSION PROCESS ........................................ 2

   II.  THE MERCHANDISE AT ISSUE ................................................................................ 3

   III. THE PROCEDURAL HISTORY ................................................................................ 4

SUMMARY OF THE ARGUMENT ................................................................................ 8

ARGUMENT ................................................................................................................... 8

   I.   STANDARD OF REVIEW ......................................................................................... 9

      A.  Summary Judgment ............................................................................................... 9

      B.  This Action Is Subject to *De Novo* Review ................................................. 10

   II.  THE ANALYTICAL FRAMEWORK ...................................................................... 11

   III. THE EXCLUSION DOES NOT APPLY TO THE IMPORTED eWRITERS BECAUSE
      THEY ARE NOT COVERED BY SUBHEADING 9013.80.7000, HTSUS, AND DO NOT
      SATISFY THE PRODUCT DESCRIPTION ................................................................. 12

      A.  The Merchandise At Issue Is Not Classifiable In Subheading 9013.80.70, HTSUS .... 12

      B.  Subheading 8543.70.99, HTSUS, Is The Correct Classification for the Merchandise
         At Issue. ......................................................................................................... 14

      C.  The Merchandise Does Not Satisfy The Product Description Set Forth In
         The Exclusion ................................................................................................. 14

   IV. SUMMARY OF PLAINTIFF'S CLAIM FROM THE COMPLAINT AND MOTION FOR
      SUMMARY JUDGMENT……………………………………………………………………. 7

   V.  CBP PROPERLY CONSIDERED THE CLASSIFICATION OF THE MERCHANDISE
      WHEN IT DECIDED KENT DISPLAYS' PROTEST .................................................. 15

   VI. REASONABLE RELIANCE IS NOT A CONSIDERATION FOR THE APPLICATION
      OF AN EXCLUSION TO SECTION 301 DUTIES ....................................................... 18

CONCLUSION ................................................................................................................ 20

# TABLE OF AUTHORITIES

**Cases**

*ABB, Inc. v. United States*,
   346 F. Supp. 2d 1357 (2004) ............................................................................... 10

*Adickes v. S.H. Kress & Co.*,
   398 U.S. 144 (1970) ............................................................................................... 8

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986) ............................................................................................. 10

*BASF Corp. v. United States*,
   482 F.3d 1324 (Fed. Cir. 2007) ........................................................................... 11

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986) ......................................................................................... 9, 10

*Chrysler Corp. v. United States*,
   601 F. Supp. 2d 1347 (Ct. Int'l Trade 2009) ....................................................... 10

*Cyber Power Systems Inc. v. United States*,
   586 F. Supp. 3d 1325 (Ct. Int'l Trade 2022) ....................................................... 17

*Jarvis Clark Co. v. United States*,
   733 F.2d 873 (Fed. Cir. 1984) ............................................................................. 14

*Leather, Inc. v. United States*,
   423 F.3d 1326 (Fed. Cir. 2005) ........................................................................... 11

*Marubeni Am. Corp. v. United States*,
   35 F.3d 530 (Fed. Cir. 1994) ............................................................................... 12

*Matsushita Elecs. Indus. Co. v. Zenith Radio Corp.*,
   475 U.S. 574 (1986) ............................................................................................. 10

*Saab Cars USA, Inc. v. United States*,
   434 F.3d 1359 (Fed. Cir. 2006) ........................................................................... 10

*Sharp Microelectronics Tech. Inc. v. United States*,
   2932 F. Supp. 1499 (Ct. Int'l Trade 1996), *aff'd*, 122 F.3d 1446 (Fed. Cir. 1997) ................... 9

*Sunpreme, Inc. v. United States*,
  946 F.3d 1300 (Fed. Cir. 2020) ................................................................ 96

*Sweats Fashion, Inc. v. Pannill Knitting Co*.,
  833 F.2d 1560 (Fed. Cir. 1987) ................................................................ 10

*Telebrands Corp. v. United States*,
  865 F. Supp. 2d 1277 (2012), *aff'd*,
  522 Fed. Appx. 915 (Fed. Cir. 2013) ...................................................... 11

*United States v. Pan Pac. Textile Group Inc*.,
  276 F. Supp. 2d 1316 (2003) ...................................................................... 9


**<u>Harmonized Tariff Schedule of the United States (HTSUS)</u>**

GRI 1 ........................................................................................................ 9, 10

Chapter 85 ................................................................................................... 6

  Heading 8528 ........................................................................................... 5

    Subheading 8528.52 ............................................................................. 5

    Subheading 8528.62 ............................................................................. 5

  Heading 8543 ................................................................................. 6, 11, 12

  Explanatory Notes to Heading 8543 ...................................................... 11

    Subheading 8543.70.99 ................................................................ *passim*

Chapter 90

  Heading 9013 ................................................................................ 6, 10, 11

  Explanatory Note to Heading 9013, HTSUS ........................................ 10

    Subheading 9013.80.7000 ............................................................. *passim*

Chapter 99

U.S. Note 20(x)(86) to Chapter 99 ............................................................ 5

  Subheading 9903.88.01 ............................................................................ 5

Subheading 9903.88.19 ................................................................................................... 5

**Statutes**

19 U.S.C. § 1315 ...................................................................................................... 15

19 U.S.C. § 1501 ................................................................................................. 6, 13

Section 301 of the U.S. Trade Act of 1974,
    19 U.S.C. § 2411 ..................................................................................................... 2

    19 U.S.C. § 2411(b)(1) ............................................................................................ 2

28 U.S.C. § 2639(a)(1) ................................................................................................ 8

28 U.S.C. § 2643(b) .......................................................................................... 11, 12

19 U.S.C. § 1500 ...................................................................................................... 15

**Rules**

USCIT Rule 56(c) ...................................................................................................... 7

**Other Authorities**

"Notice of Action and Request for Public Comment Concerning Proposed Determination of
    Action Pursuant to Section 301: China's Acts, Policies, and Practices Related to Technology
    Transfer, Intellectual Property, and Innovation,"
    83 Fed. Reg. 28,710 (June 2018) ........................................................................ 2, 3

"Notice of Product Exclusions: China's Acts, Policies, and Practices Related to Technology
    Transfer, Intellectual Property, and Innovation",
    84 Fed. Reg. 38,717 (Aug. 7, 2019) ......................................................................... 3

"Notice of Product Exclusions: China's Acts, Policies, and Practices Related to Technology
Transfer, Intellectual Property, and Innovation"
84 Fed. Reg. 52,567 (Oct. 2, 2019)……………………………………………………..2, 3

"Procedures for Requests To Exclude Particular Products from Determination of Action Pursuant
    to Section 301: China's Acts, Policies, and Practices Related to Technology Transfer,
    Intellectual Property, and Innovation."
    83 Fed. Reg. 32181 (July 11, 2018) ........................................................................ 3

U.S. Gov't Accountability Off, GAO-21-506,
    Report to Congressional Requesters: U.S. Trade 3 (2021) ...................................... 2

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:  HON. CLAIRE R. KELLY, JUDGE

| | | |
|---|---|---|
| KENT DISPLAYS, INC., | : | |
| | : | |
| | : | |
| Plaintiff, | : | Court No.  20-00156 |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT THEREOF AND IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Defendant, the United States (the Government), pursuant to Rule 56 of the Rules of the United States Court of International Trade, cross-moves this Court for summary judgment against plaintiff, Kent Displays, Inc.

For the reasons set forth below, we respectfully request that the Court enter an Order:  (1) granting our cross motion for summary judgment; (2) finding that the merchandise at issue is classifiable in subheading 8543.70.99, Harmonized Tariff Schedule of the United States (HTSUS); (3) directing U.S. Customs and Border Protection to reliquidate the entry covering the merchandise at issue in subheading 8543.70.99, HTSUS, and to make refund in the amount 22.4 percent *ad valorem*, which reflects the balance of the duty obligation associated with this classification; (4) denying plaintiff's motion for summary judgment; and (5) dismissing this action in its entirety.

## RELEVANT STATUTORY PROVISIONS AND EXPLANATORY NOTES

The relevant statutory provisions and their corresponding Explanatory Notes are

contained in Addendum A to this memorandum.[1]

## **INTRODUCTION**

### I.     **SECTION 301 DUTIES AND THE EXCLUSION PROCESS**

Section 301 of the U.S. Trade Act of 1974, 19 U.S.C. § 2411 (Section 301) authorizes the President and the Office of the United States Trade Representative (USTR) to take action to eliminate certain acts, policies, or practices of a foreign government that burden U.S. commerce. *See* 19 U.S.C. § 2411.  The statute grants USTR discretionary authority to determine that "an act, policy, or practice of a foreign country is unreasonable or discriminatory and burdens or restricts United States commerce" and to take action as appropriate.  *Id.* at Section 2411(b)(1).  Under this authority, in August 2017, USTR began investigating certain trade practices of the People's Republic of China.  USTR found that some of those trade practices "related to intellectual property, innovation, and technology were unreasonable or discriminatory, and burden[ed] or restrict[ed] U.S. commerce."  U.S. Gov't Accountability Off, GAO-21-506, Report to Congressional Requesters: U.S. Trade 3 (2021)).  "To help obtain the elimination of" those trade practices, USTR, "at the direction of the President, placed additional tariffs on certain products from China starting in July 2018."  *Id.* at 1.  USTR issued four lists of product categories subject to the new tariffs.  Relevant to this action, USTR imposed a 25% tariff on List 1 product categories effective with respect to goods entered for consumption, or withdrawn from warehouse for consumption, on or after July 6, 2018.  *See* Notice of Action and Request for Public Comment Concerning Proposed Determination of Action Pursuant to Section 301:

---

[1] All references to the HTSUS and Explanatory Notes are to the versions that were in effect in 2018.

China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation."  83 Fed. Reg. 28710 (June 20, 2018).

USTR established a process by which interested persons may request that particular products classified under a tariff subheading subject to Section 301 duties be excluded from those duties.  *See* "Procedures for Requests To Exclude Particular Products from the Determination of Action Pursuant to Section 301: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation."  83 Fed. Reg. 32181 (July 11, 2018).

## II.    THE MERCHANDISE AT ISSUE

The merchandise at issue is a "battery powered flexible electronic eWriter device containing a flexible pressure sensitive liquid crystal writing film."  *See* Ex. A, Sample.  *See* also Docket No. 7, Protest.  Model No. WT16312 Dashboard is the only model of eWriter at issue in this action and is sold by Kent Displays under the Boogie Board trademarked brand.  *See* Ex. B, Pl.'s Resp. to Def.'s First Set of Interrogatories, Nos. 3 and 6; Ex. E, USA Certificate of Registration.  Model No. WT16312 is an electronic writing device that is a "green technology paper replacement" product.  *Id*. at Resp. No. 10.  The eWriter consists of a bistable cholesteric reflective liquid crystal display (LCD), a plastic sleeve case, a small coin battery and electronics, including an electronic switch to erase the display.  *Id.* at Resp. No. 5 and 10.  The liquid crystal writing film is produced in the United States and then shipped to China where it is assembled into a plastic housing with a printed circuit board.  The product is then shipped to the United States and packaged as a consumer product.  *See* Pl.'s Ex. A, Exclusion Request.

The electronics contained in the eWriter create an electric field that enables the analog information written on the display to be erased.  The user "might write, sketch, doodle or draw

3

on the display with a stylus or something equivalent such as a fingernail." *See* Ex. B, Resp. No. 5 and 10.  The drawing will remain on the display without the use of power until it is erased by "applying an electronic field to the liquid crystal material." *Id*.  The user erases the display by pressing the electronic switch, which together with the coin battery, applies an electronic field to the liquid crystal material. *Id*. at 5.

The eWriter is available in sizes ranging from 5 inches diagonal to 14 inches diagonal. *See* Docket No. 7, Protest.  The eWriter is sold online at www.myboogieboardcom as well as Amazon and other eCommerce retailers.  The eWriter is also sold in the stationary or toy sections of retailers such as Target, Walmart, Barnes & Nobles, Staples and Learning Express. *Id.* at Resp. No. 6.

## III.    THE PROCEDURAL HISTORY

On July 16, 2018, Kent Displays imported one entry of eWriters through the Port of Cleveland, OH.  On August 2, 2018, Kent Displays filed a request for an exclusion from Section 301 tariffs with USTR.  *See* Pl.'s Ex. A, Exclusion Request.  In the request, Kent Displays initially described the product to be excluded as a "battery powered flexible electronic eWriter device containing a USA developed and manufactured flexible pressure sensitive liquid crystal writing film."  *See* Pl.'s Ex. A, Exclusion Request.  Kent Displays asserted in the request that the merchandise is classifiable under subheading 9013.80.7000, HTSUS.[2]  Subsequently, USTR requested that Kent Displays confirm that its merchandise is correctly classified in the 10-digit HTSUS provision identified in its request and provide a revised product description.  *See* Pl.'s

---

[2] Subheading 9013.80.70, HTSUS, which covers "[l]iquid crystal devices not constituting articles provided for more specifically in other headings; lasers, other than laser diodes; other optical appliances and instruments, not specified or included elsewhere in this chapter; parts and accessories thereof: [o]ther devices, appliances and instruments: [f]lat panel displays other than for articles of heading 8528, except subheadings 8528.52 or 8528.62 . . . ".

Ex. B, Email from USTR. In response to USTR's requests, Kent Displays stated that its eWriters had been liquidated by CBP "as entered" in subheading 9013.80.7000, HTSUS. Kent Displays also proposed the following revised product description: "flexible pressure sensitive liquid crystal flat panel display devices used as a surface for writing." *See* Pl.'s Ex. C. As will be explained below, the subheading that Kent Displays provided to USTR does not cover its eWriters and the revised product description that Kent Displays provided does not describe the merchandise in its condition at importation. *See Id.* ("The product of concern is a battery powered flexible electronic eWriter device *containing a USA developed and manufactured flexible pressure sensitive liquid crystal writing film*.) (emphasis added).

During the pendency of the exclusion request, on June 14, 2019, the single entry of eWriters (Entry No. DE6-5007164-5) filed by Kent Display auto-liquidated under subheading 9013.80.70, HTSUS, which covers "[l]iquid crystal devices not constituting articles provided for more specifically in other headings; lasers, other than laser diodes; other optical appliances and instruments, not specified or included elsewhere in this chapter; parts and accessories thereof: [o]ther devices, appliances and instruments: [f]lat panel displays other than for articles of heading 8528, except subheadings 8528.52 or 8528.62 . . . ", and is duty-free. The merchandise was assessed with Section 301 duties at the rate of 25 percent *ad valorem* under subheading 9903.88.01, HTSUS, which covers: "[a]rticles the product of China, as enumerated in U.S. note 20 to this subchapter."

In a letter dated September 26, 2019, USTR advised Kent Displays that its exclusion request had been granted and that the exclusion determination would be published formally in the Federal Register. *See* Ex. D, Exclusion Letter. On October 2, 2019, USTR published its formal determination to grant additional exclusion requests, effective retroactive to July 6, 2018,

in the Federal Register.  *See* "Notice of Product Exclusions: China's Acts, Policies, and Practices

Related to Technology Transfer, Intellectual Property, and Innovation." 84 Fed. Reg. 52567

(Oct. 2, 2019).  The Federal Register noticed advised that a new subheading, 9903.88.19,

HTSUS, was added to the HTSUS, by which the specific articles being granted an exclusion are

set forth in U.S. note 20(x).  The notice further stated that U.S. note 20(x) includes an exclusion

for "(86) Flexible pressure sensitive LCD panel display devices used as a surface for electronic

writing (described in statistical reporting number 9013.80.7000."  *Id*.

Kent Displays filed a protest on November 21, 2019, requesting that CBP apply the

exclusion to the merchandise covered by entry no. DE6-5007164-5.  CBP denied the protest on

the grounds that the merchandise was not classifiable in subheading 9013.80.7000, HTSUS,

which is the subheading that governs the scope of the exclusion.  According to CBP, the correct

classification for the merchandise is subheading 8543.70.99, HTSUS, which provides for:

"[e]lectrical machines and apparatus, having individual functions, not specified or included

elsewhere in this chapter; parts thereof: [o]ther machines and apparatus: [o]ther: [o]ther: [o]ther,"

dutiable at 2.6% *ad valorem*.  CBP did not reliquidate the entry under subheading 8543.70.99,

HTSUS, pursuant to 19 U.S.C. § 1515(a), which has no statutory mechanism that allows CBP to

issue bills as a result of the reclassification of the merchandise upon denying a protest.

## IV.    SUMMARY OF PLAINTIFF'S CLAIM FROM THE COMPLAINT AND MOTION FOR SUMMARY JUDGMENT

Kent Displays brought this action pursuant to 28 U.S.C. § 1581(a) challenging CBP's

denial of its protest.  Initially, Kent Displays asserted three claims in this action.  In Count I

(Established and Uniform Practice – 19 U.S.C. § 1315(d)) of its complaint, Kent Displays

alleged that, over a four-year period immediately proceeding its request for a Section 301

exclusion, CBP had classified over 337 entries containing identical or substantially similar

6

merchandise in subheading 9013.80.70, HTSUS.  Compl. ¶¶ 24-27.  Kent Displays further

alleged that it was entitled to reasonably rely on CBP's "consistent and uniform liquidation" of

the merchandise in that provision when it "secured a Section 301 Product Exclusion from the

USTR" under that provision.  *Id*. at ¶¶ 25-26.  In Count II (Tariff Classification Claim), Kent

Displays alleges that the merchandise is properly classifiable in subheading 9013.80.70, HTSUS,

and entitled to the benefit of the Section 301 exclusion.  *Id*. at ¶¶ 28-29.  Alternatively, in Count

III (Alternate Tariff Classification), Kent Displays claims that the merchandise is properly

classifiable in subheading 8543.70.90 HTSUS, and seeks reliquidation in that provision with a

refund of the Section 301 duties "less ad valorem duty required by HTSUS subheading

8543.70.9960."  *Id*. at 30-31; Compl., Prayer for Relief.

In its motion for summary judgment, Kent Displays significantly narrowed the scope of

this action to one substantive legal argument namely, whether in determining whether the Section

301 exclusion applies to the imported eWriters, CBP's consideration of the classification of the

imported eWriters was improper.  Kent Displays abandoned Count I of its Complaint, and for

Count II, plaintiff has not proffered a substantive legal analysis for classification of the

merchandise in subheading 9013.80.7000, HTSUS.  Should the Court rule against Kent Displays

on its legal argument, both parties agree that the Court should classify the merchandise in

subheading 8543.70.99, HTSUS, order the reliquidation of the merchandise in that subheading,

and refund 22.4 percent *ad valorem*.  *See* Compl., Prayer for Relief.

## SUMMARY OF THE ARGUMENT

Summary judgment for the Government is warranted.  The primary legal question in this

action is whether the imported eWriters qualify for an exclusion from the assessment of Section

301 duties.  The relevant exclusion covers merchandise described as "[f]lexible pressure

sensitive LCD panel display devices used as a surface for electronic writing (described in statistical reporting number 9013.80.7000)." By its express language, the exclusion only applies to merchandise that is classifiable in heading 9013.80.7000, HTSUS, and merchandise that meets the product description set forth in the exclusion. Kent Displays' eWriters do not satisfy either criterion.

As we establish below, heading 9013, HTSUS, only covers liquid crystal display devices that are presented in pieces or cut to special shapes. The heading does not extend to finished goods that incorporate a liquid crystal display device, such as the imported eWriters. The eWriters are not imported in pieces or cut into special shapes. The eWriters are battery operated devices that perform the function of providing a reusable electronic writing tablet. The eWriters use electronics to perform the critical function of erasing analog information from the display. Accordingly, the merchandise is properly classifiable in heading 8543, HTSUS, which provides for "[e]lectrical machines and apparatus, having individual functions, not specified or included elsewhere in" Chapter 85.

Furthermore, the eWriters do not meet the product description set forth in the exclusion. The exclusion describes a liquid crystal display that is a component in an electronic writing device. The eWriters are finished commercial products that are sold on the internet and in brick-and-mortar stores. Those goods are not liquid crystal display components.

Finally, in an attempt to avoid its burden of establishing that the merchandise is classifiable in subheading 9013.80.70, HTSUS, Kent Displays argues that when CBP was considering whether the Section 301 exclusion applies to the imported eWriters, CBP was precluded from reviewing the tariff classification of that merchandise. Relying on 19 U.S.C. § 1501, Kent Displays argues that after the 90-day period for reliquidation of its entry expired, the

liquidation became final as to CBP.  Kent Displays is incorrect.  Kent Displays' protest suspended the finality of the liquidation, and CBP had the authority to review any issues related to Kent Displays' request for exclusion from Section 301 duties including the classification of the merchandise.  CBP's denial of Kent Displays' protest was proper.

## ARGUMENT

### I.    STANDARD OF REVIEW

#### A.    Summary Judgment

Under Rule 56 of the United States Court of International Trade, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  USCIT Rule 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  In determining whether a genuine issue of fact exists, the court reviews the evidence submitted, drawing all inferences against the moving party.  *See United States v. Pan Pac. Textile Group Inc.*, 276 F. Supp. 2d 1316, 1319 (2003); *see also Matsushita Elecs. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  The movant bears the burden of demonstrating that there exists no genuine issue of material fact that would warrant a trial.  *See, e.g., Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).  The movant may satisfy this burden by noting that the party who will bear the ultimate burden of proof at trial cannot support an essential element of its claim. *See, e.g., Celotex*, 477 U.S. at 322-23.

Here, there are no genuine materials issues of fact.  Therefore, this action involves only questions of law and is ripe for summary judgment.  *See, e.g., Anderson v. Liberty Lobby, Inc.*,

477 U.S. 242, 247-248 (1986); *Celotex,* 477 U.S. at 325-328; *Sweats Fashion, Inc. v. Pannill Knitting Co.*, 833 F.2d 1560, 1562-63 (Fed. Cir. 1987).

> **B.      This Action Is Subject to *De Novo* Review.**

This Court "reviews Customs' protest decisions *de novo*."  *Chrysler Corp. v. United States*, 601 F. Supp. 2d 1347, 1350 (Ct. Int'l Trade 2009).  However, Customs' decisions are statutorily entitled to a presumption of correctness.  28 U.S.C. § 2639(a)(1) ("the decision of the Secretary of the Treasury, the administering authority, or the International Trade Commission is presumed to be correct. The burden of proving otherwise shall rest upon the party challenging such decision.").  Where a plaintiff challenges Customs' decision, "a court presumes that Customs applied the provision correctly, which means that the plaintiff is left with the burden of showing by a preponderance of the evidence that Customs' decision was incorrect."  *ABB, Inc. v. United States*, 346 F. Supp. 2d 1357, 1364 (2004); *see also Saab Cars USA, Inc. v. United States*, 434 F.3d 1359, 1368 (Fed. Cir. 2006) (a plaintiff must "meet its burden of contradicting Customs' presumed correct factual finding . . . .").  The presumption of correctness "is not a true evidentiary presumption governed by Federal Rule of Evidence 301," instead it is "an 'assumption' that allocates to plaintiff the burden of proof on contested factual issues that arise from the protest decision."  *Chrysler*, 601 F. Supp. 2d at 1354.

## II.      THE ANALYTICAL FRAMEWORK

The exclusion at issue covers merchandise described as a "[f]lexible pressure sensitive LCD panel display devices used as a surface for electronic writing (described in statistical reporting number 9013.80.7000)."  The "scope of the exclusion is governed by the scope of the 10-digit HTSUS subheadings and product descriptions in the annex to the product exclusion notice, and not by the product descriptions set out in any particular request."  *See* Ex. D,

Exclusion Letter.  Thus, to qualify for the exclusion, imported merchandise must be classifiable in subheading 9013.80.7000, HTSUS, **and** meet the product description.  As we show below, the imported eWriters do not satisfy either criterion for the exclusion of Section 301 duties.

The first step in determining whether the imported eWriters qualify for the exclusion is ascertaining whether those goods are classifiable in subheading 9013.80.70, HTSUS.  In construing the HTSUS, the Court is bound to apply the General Rules of Interpretation (GRIs), which must be applied in numerical order.  *BASF Corp. v. United States*, 482 F.3d 1324, 1326 (Fed. Cir. 2007).  GRI 1 provides that "classification shall be determined according to the terms of the headings and any relative section or chapter notes."  The HTSUS section and chapter notes "are not optional interpretive rules," but instead have the force of statutory law.  *Avenues in Leather, Inc. v. United States*, 423 F.3d 1326, 1333 (Fed. Cir. 2005).  The HTSUS is designed so that most classification questions can be answered by GRI 1."  *Telebrands Corp. v. United States*, 865 F. Supp. 2d 1277, 1280 (2012), *aff'd*, 522 Fed. Appx. 915 (Fed. Cir. 2013). "What is clear from the legislative history of the World Customs Organization and case law is that GRI 1 is paramount . . . The HTSUS is designed so that most classification questions can be answered by GRI 1, so that there would be no need to delve into the less precise inquiries . . . ."  *Id*.  Pursuant to GRI 1, the language of the HTSUS headings are paramount.

### III.    THE EXCLUSION DOES NOT APPLY TO THE IMPORTED eWRITERS BECAUSE THEY ARE NOT COVERED BY SUBHEADING 9013.80.7000, HTSUS, AND DO NOT SATISFY THE PRODUCT DESCRIPTION.

The exclusion covers merchandise described as "[f]lexible pressure sensitive LCD panel display devices used as a surface for electronic writing (described in statistical reporting number 9013.80.7000).  *See* Ex. D, Exclusion Letter and 84 Fed. Reg. 52567 (Oct. 9. 2019).  The "scope of the exclusion is governed by the scope of the 10-digit HTSUS subheadings and product

descriptions in the annex to the product exclusion notice, and not by the product descriptions set out in any particular request." *See Id*. As we show below, the imported eWriters are not classifiable in subheading 9013.80.70, HTSUS, <u>and</u> are not covered by the product description set forth in the exclusion.

A.     **The Merchandise At Issue Is Not Classifiable In Subheading 9013.80.70, HTSUS.**

The first step in the classification analysis is the language of heading 9013, HTSUS. Heading 9013, HTSUS, covers "liquid crystal devices not constituting articles provided for more specifically in other headings." The Explanatory Notes (ENs)[3] to heading 9013, HTSUS, provide guidance as to the scope of heading 9013, HTSUS, and state that the heading covers "Liquid crystal devices consisting of a liquid crystal layer sandwiched between two sheets or plates of glass or plastics, whether or not fitted with electrical connections, *presented in the piece or cut to special shapes* and not constituting articles described more specifically in other headings of the Nomenclature." *See* Explanatory Note to Heading 9013, HTSUS (emphasis added). Heading 9013, HTSUS, and the ENs make clear that the heading does not extend to finished goods. The heading covers LCD devices that are imported "in the piece" or cut into special shapes.

Here, the imported eWriters are finished commercial articles that incorporate a liquid crystal writing film. *See* Ex. A, Sample. *See also* Docket No. 7, Protest ("The WT16312 Dashboard is a battery powered flexible electronic eWriter device containing a USA developed and manufactured flexible pressure sensitive liquid crystal writing film"). The devices are

---

[3] The Explanatory Notes provide guidance in interpreting tariff provisions, but are not binding. *Marubeni Am. Corp. v. United States*, 35 F.3d 530, 535 n.3 (Fed. Cir. 1994) (stating Explanatory Notes, while not dispositive or binding, are instructive).

constructed of "typical injection molded plastic cases with coil cell battery, adhesive bevels, polyester based plastic file substrates, liquid crystals, and polymers." *See* Pl.'s Ex. A, Exclusion Request. The liquid crystal writing film is made in the United States and then shipped to China where it is assembled into a plastic housing with a printed circuit board. The product is then shipped to the United States where it is then packaged as a "consumer product." *See* Pl.'s Ex. A, Exclusion Request. The eWriters are sold as finished goods on the internet and in brick-and-mortar stores. *See* Ex. B, Pl.'s Resp. to Def.'s First Set of Interrogatories, Nos. 6-8. Because, at importation, the eWriter is a finished commercial good that incorporates a liquid crystal film, it does not fall within heading 9013, HTSUS, and the exclusion does not apply. *See Sharp Microelectronics Tech., Inc. v. United States*, 932 F. Supp. 1499, 1502 (Ct. Int'l Trade 1996), *aff'd*, 122 F.3d 1446 (Fed. Cir. 1997) (this court determined that heading 9013 covers articles with liquid crystal properties for "indeterminate or general use.").

**B.    Subheading 8543.70.99, HTSUS, Is The Correct Classification for the Merchandise At Issue.**

Kent Displays contends that if the imported eWriters do not qualify for the exclusion to Section 301 duties, it agrees that the merchandise is properly classifiable in subheading 8543.70.99, HTSUS. *See* Pl.'s Mot. at 10 and 11. Although Kent Displays represents that it will not challenge the classification of the merchandise in heading 8543.70.99, HTSUS, this Court has an obligation to "reach the correct result." *Jarvis Clark Co. v. United States*, 733 F.2d 873, 878 (Fed. Cir. 1984)); *see* 28 U.S.C. § 2643(b). The Court must examine the relevant tariff provisions and determine the correct classification for the imported eWriters. Heading 8543, HTSUS, covers "[e]lectrical machines and apparatus, having individual functions, not specified or included elsewhere in this chapter." The ENs to heading 8543, HTSUS, state that the "heading covers all electrical appliances and apparatus, **not falling** in any other heading of this

Chapter, **nor covered more specifically** by a heading of any other Chapter of the Nomenclature . . . ." (emphasis in original). The imported eWriters are properly classifiable in heading 8543, HTSUS, as they are electrical machines having the individual function of providing a reusable electronic writing tablet.

Kent Displays describes the eWriter is a "battery operated device." *See* Docket No. 7, Protest. The eWriter uses electronics to perform the critical function of erasing the display. To erase the display, the user presses the electronic switch which, together with the small coin battery, applies an electric field to the liquid crystal material to erase the analog information on the display. The eWriter is an electrical machine covered by the terms of heading 8543, HTSUS. *Id*.

> ### C.    The Merchandise Does Not Satisfy The Product Description Set Forth In The Exclusion.

We have established that the imported eWriters are not classifiable in subheading 9013.80.70, HTSUS, and are correctly classifiable in subheading 8543.70.99, HTSUS. Kent Displays has not advanced any arguments challenging the classification of the merchandise, and this respect, has abandoned this portion of Count II of its complaint. Standing alone, the classification of the merchandise in subheading 8543.70.99 is sufficient to render the exclusion inapplicable. However, the exclusion is also inapplicable because the imported eWriters do not meet the product description set forth in the exclusion. The exclusion covers merchandise described as an "[f]lexible pressure LCD panel display device used as a surface for electronic writing." The exclusion describes the LCD component of an electronic writing device that is used as a surface for the electronic writing. The merchandise at issue is not a component of an e-writing device; rather, it is an entire finished electronic writing device. *See* Pl.'s Ex. A, Exclusion Request ("The product of concern is a battery powered flexible electronic eWriter

14

device *containing a USA developed and manufactured flexible pressure sensitive liquid crystal writing film*.) (emphasis added).  As such, the eWriters do not meet the product description set forth in the exclusion.

## IV.    CBP PROPERLY CONSIDERED THE CLASSIFICATION OF THE MERCHANDISE WHEN IT DECIDED KENT DISPLAYS' PROTEST.

Kent Displays argues that CBP's denial of its protest was improper because it did not possess the authority to review the tariff classification of the merchandise.  Pl.'s Mot. at 8.  Specifically, Kent Displays argues that pursuant to 19 U.S.C. § 1501[4], CBP can only reliquidate an entry within 90 days of liquidation.  Kent Displays filed its protest more than 90 days after the liquidation of its entry.  According to Kent Displays, after the 90-day period expired, "CBP has spoken its final word on the Entry."  *Id*.  Kent Displays concludes that "CBP's review of the Protest should have been limited to determining that the goods were entered and/or liquidated under the named statistical HTSUS subheading and that the goods met the description provided in the Product Exclusion."  Kent Displays concludes that "[b]y denying Kent Displays' Protest on the basis that Model WT16312 Dashboard was classifiable other than liquidated, CBP made a decision barred by 19 U.S.C. § 1500."  *Id.* at 9.  Kent Displays' argument is predicated on an incorrect interpretation and application of Section 1514(a).

---

[4] 19 U.S.C. § 1501 provides:

> **Voluntary reliquidations by U.S. Customs and Border Protection**
> A liquidation made in accordance with section 1500 or 1504 of this title or any reliquidation thereof made in accordance with this section may be reliquidated in any respect by U.S. Customs and Border Protection, notwithstanding the filing of a protest, within ninety days from the date of the original liquidation. Notice of such reliquidation shall be given or transmitted in the manner prescribed with respect to original liquidations under section 1500(e) of this title.

In pertinent part, Section 1514(a), provides:

> **(a)** FINALITY OF DECISIONS; RETURN OF PAPERS  Except as
> provided in subsection (b) of this section, section 1501 of this
> title (relating to voluntary reliquidations), section 1516 of this
> title (relating to petitions by domestic interested parties), section
> 1520 of this title (relating to refunds), and section 6501 of title
> 26 (but only with respect to taxes imposed under chapters 51 and
> 52 of such title), any clerical error, mistake of fact, or other
> inadvertence, whether or not resulting from or contained in an
> electronic transmission, adverse to the importer, in any entry,
> liquidation, or reliquidation, and, decisions of the Customs Service,
> including the legality of all orders and findings entering into the
> same, as to—
>
> **(2)** the classification and rate and amount of duties chargeable;
>
> shall be final and conclusive upon **all persons (including the
> United States and any officer thereof) unless a protest is filed
> in accordance with this section, or unless a civil action
> contesting the denial of a protest, in whole or in part, is
> commenced** in the United States Court of International Trade in
> accordance with chapter 169 of title 28 within the time prescribed
> by section 2636 of that title. When a judgment or order of the
> United States Court of International Trade has become final, the
> papers transmitted shall be returned, together with a copy of the
> judgment or order to the Customs Service, which shall take action
> accordingly.

(Emphasis added).

By its express language, Section 1514 provides that liquidations are final and conclusive *unless* protested within 180 days of liquidation. The filing of a protest effectively prevents the liquidation from becoming final and conclusive. Indeed, in *Cyber Power Systems Inc. v. United States*, 386 F. Supp. 3d 1325, 1331-32 (Ct. Int'l Trade 2022), this Court held that a timely protest suspends finality for all parties. The Court explained:

> Liquidation is not final as to the United States and its officers
> because when an importer protests liquidation and/or challenges a
> denial of such protest, the possibility remains that CBP made an
> error and the imported merchandise must be liquidated at a
> different rate than CBP initially determined. If liquidation were

16

> final as to the United States and its officers, then those same
> officers would potentially be powerless to fix any such error.
> Thus, liquidation is not final when an importer challenges CBP's
> determinations.

586 F. Supp. 3d at 1331-32.

Here, Kent Displays' protest suspended the finality of the liquidation as to all parties. Consequently, CBP possessed the authority to review any issues relating to Kent Displays' request for exclusion from the assessment of Section 301 duties on its merchandise, which necessarily entailed determining whether the merchandise is properly classifiable in subheading 9013.80.70, HTSUS.

Kent Displays also argues that given that the exclusion "was granted on Kent Displays' application," Model WT16312 was identified on that application, and "USTR adopted Kent Displays' wording to describe the goods benefiting from the Exclusion," CBP should have reached the result that the merchandise is a flexible pressure sensitive LCD panel display device used as a surface for electronic writing. Pl.'s Mot. at 9. Not so. "When goods are imported into the United States, Customs is obligated to 'fix the final amount of duty to be paid on such merchandise and determine any increased or additional duties, taxes, and fees due.'" *Sunpreme Inc. v. United States,* 946 F.3d 1300, 1317 (Fed. Cir. 2020) (quoting 19 U.S.C. § 1500(c)). Therefore, CBP is required to ascertain the correct classification of the imported merchandise, irrespective of whether an importer has previously applied for an exclusion from Section 301 duties. Given that the merchandise is not classifiable in subheading 9013.80.70, HTSUS, which is the subheading required for exclusion, it was not necessary for CBP to reach the issue of whether the imported eWriters meet the product description set forth in the exclusion. However, USTR has made it clear that exclusions are not governed by the product description contained in a request for an exclusion.

17

> The scope of the exclusion is governed by the scope of the 10-digit HTSUS subheadings and product descriptions in the annex to the product exclusion notice, and not by the product descriptions set out in any particular request for exclusion.

*See* Ex. D, Exclusion Letter.  Hence, importers seeking the benefit of the exclusion must affirmatively establish that their merchandise falls within the product description set forth in the exclusion.

## V.    REASONABLE RELIANCE IS NOT A CONSIDERATION FOR THE APPLICATION OF AN EXCLUSION TO SECTION 301 DUTIES.

Kent Displays has abandoned its claim for established and uniform practice under 19 U.S.C. § 1315.  Pl.'s Mot. at 9-10.  *See* Compl., Count I.  Instead, Kent Displays advances a purported equitable argument of reasonable reliance.  Specifically, Kent Displays argues that prior entries of its eWriters were entered and liquidated under subheading 9013.80.7000, HTSUS.  Kent Displays argues that it should have been able to reasonably rely on CBP's tariff treatment of its imported goods.  But Kent Displays has failed to articulate any cognizable legal basis for this claim.  The criteria for determining whether imported goods are covered by a Section 301 exclusion are definitive -- the scope of the exclusion is governed by the 10-digit HTSUS provision and product description set forth in the exclusion.  As a result, equitable considerations, such as reasonable reliance, have no role in the analysis.  As we have established, the imported eWriters are not covered by subheading 9013.80.70, HTSUS, and do not meet the product description set forth in the exclusion.  Therefore, the imported eWriters are not excluded from the assessment of Section 301 duties.

## **CONCLUSION**

For these reasons, we respectfully request that the Court enter judgment for the United States, order that the merchandise be reliquidated in subheading 8543.70.99, HTSUS, and dismiss this action.

<div style="margin-left: 40%">

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

By:    /s/ Justin R. Miller
       JUSTIN R. MILLER
       Attorney-In-Charge
       International Trade Field Office

       /s/ Marcella Powell
       MARCELLA POWELL
       Senior Trial Counsel
       Civil Division, Dept. of Justice
       Commercial Litigation Branch
       26 Federal Plaza, Room 346
       New York, New York l0278
       Attorneys for Defendant
       Tel. No. 2l2-264-9230 or 1873

</div>

Dated: February 16, 2024

19

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:  HON. CLAIRE R. KELLY, JUDGE

_____

| | | |
|---|---|---|
| KENT DISPLAYS, INC., | : | |
| | : | |
| | : | |
| Plaintiff, | : | Court No.  20-00156 |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |

_____ :

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing brief complies with the Rules of this Court in

that it contains 5413 words, including text, footnotes, and headings.

/s/ Marcella Powell
MARCELLA POWELL